**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GUSTAVO ANGUIANO-
VELAZQUEZ,

    Defendant-Appellant.

No. 98-4005
(D.C. No. 97-CR-159-2)
(District of Utah)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

---

    A jury convicted Gustavo Anguiano-Velazquez of two counts of aiding and

abetting the distribution of methamphetamine (counts I and II) and one count of

aiding and abetting the possession of methamphetamine with intent to distribute

(count III), all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Mr.

---

*After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  This case is therefore
ordered submitted without oral argument.

    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Anguiano-Velazquez directly appeals all three convictions, arguing that the evidence at trial was insufficient to support the jury's verdict. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm all three convictions.

Sufficiency of the evidence is a question of law we review de novo. United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997). We will deem evidence sufficient to support a conviction if, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt. Id.

Mr. Anguiano-Velazquez argues, particularly with regard to count III, that the evidence fails to establish that he possessed the methamphetamine. However, as the operative charge is aiding and abetting rather than possession, the evidence need only show that Mr. Anguiano-Velazquez "willfully associate[d] with the criminal venture and aid[ed] such venture through affirmative action." United States v. Jones, 44 F.3d 860, 869 (10th Cir. 1995). Although evidence of "relatively slight moment" will support a conviction for aiding and abetting, the government must do more than show that the defendant was present at the scene of the crime before we will uphold such a conviction. See id. (quotation omitted).

Here, the evidence was more than sufficient to demonstrate that Mr. Anguiano-Velazquez was a knowing and active participant in all of the drug

2

transactions underlying the three convictions. The evidence showed that Mr. Anguiano-Velazquez acted as an intermediary between the purchaser and the dealer, ensuring that each of the methamphetamine purchases was completed. He played a significant role in arranging all three transactions, placing numerous phone calls to the dealer and the purchaser to establish the time, place, amount of drugs involved, and purchase price for each transaction. In each transaction, he designated his apartment as the site of drug delivery. He arranged a face-to-face meeting between the two principles to set up the third and final transaction. And the government introduced testimony (which, although disputed by Mr. Anguiano-Velazquez, we must credit on appeal, see United States v. Alvarez, 142 F.3d 1243, 1249 (10th Cir. 1998)) that in each of the other two transactions, he physically made the purchases, buying the drugs with the purchaser's money and subsequently delivering them to her.

Accordingly, we hereby AFFIRM Mr. Anguiano-Velazquez's convictions.

Entered for the Court,


Robert H. Henry
Circuit Judge